**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

| | |
|---|---|
| WILLIAM T. BOHANNON )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>) CASE NO._____<br>)<br>TIKI BROWN, in her individual capacity )<br>and as The CLERK OF COURT CLAYTON )<br>COUNTY STATE COURT; Acting Sheriff )<br>Roland Boehrer and Sheriff Levon Allen )<br>in their individual capacities and as Sheriff )<br>of CLAYTON COUNTY SHERIFF )<br>DEPARTMENT: John Doe in his individual )<br>capacity as an employee of the Clerk of )<br>Court Clayton County; and John Doe in his )<br>individual capacity as an employee of )<br>Clayton County Sheriff and ABC )<br>Government agency. )<br><br>    Defendants. | |

## **COMPLAINT**

COMES NOW, Plaintiff, William T. Bohannon (hereinafter "Plaintiff"),

through his undersigned counsel, files this Complaint against the above-named

Defendant Tiki Brown, in her individual capacity and as Clerk of Clayton County State Court; Acting, Sheriff Roland Boehrer and Sheriff Levon Allen of Clayton County in their individual capacity, and as Clayton County Sheriff Department; John Doe in his individual capacity and as an employee of Clayton County State Court Clerk's office; John Doe in his induvial capacity and as an employee of Clayton County Sheriff's Department.

Plaintiff brings federal constitutional claims against all Defendants for committing acts under color of law that deprived William Bohannan of his freedom and his rights under the United States Constitution. Further, Plaintiff brings state law claims against all named Defendants.

## <u>JURIDICT1ON AND VENUE</u>

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal

claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

## **PARTIES**

4.

At all times relevant hereto, Plaintiff William Bohannon is a resident of Georgia and a citizen of the United States of America.

5.

At all times relevant hereto, Tiki Brown, Clerk of Clayton State Court, was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in her capacity as a Clerk employed by Clayton County, Georgia. Defendant Tiki Brown is being sued in her individual capacity.

6.

At all times relevant hereto, Sheriff Roland Boeherer of Clayton County was a citizen of the United States and a resident of the State of

Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Clayton County, Georgia. The Defendant, the Sheriff of Clayton County, is sued in his individual capacity.

7.

At all times relevant hereto, Sheriff Levon Allen of Clayton County was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer employed by Clayton County, Georgia. Defendant, Sheriff of Clayton County, is sued in his individual capacity.

8.

The County of Clayton, Georgia, is a government entity under Georgia law. The Clayton County Sheriff's Department and Clerk of Clayton County State Court are departments within Clayton County.

9.

At all times relevant hereto, John Doe of Clayton County was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer

employed by the Clayton County Sheriff's Department in Clayton County, Georgia.

10.

At all times relevant hereto, John Doe of Clayton Clerk of Clayton County was a citizen of the United States and a resident of the State of Georgia and was acting under color of state law in his capacity as a law enforcement officer and agent employed by the Clayton County Clerk's office.

11.

Service may be made against each Defendant at Harold R. Banke Justice Center, 9157 Tara Boulevard, Jonesboro, GA 30236. Each Defendant is subject to the jurisdiction and venue of this Court.

12.

John Doe in his individual capacity as an employee of Clerk of Court Clayton County; John Doe in his individual capacity as an employee of Clayton County Sheriff and ABC Governmental Agency are unknown Defendants to the Plaintiff at this time; upon obtaining the identity of the unknown Defendants, Plaintiff will amend this complaint.

## FACTUAL ALLEGATIONS

13.

On or about May 20, 2020, William T. Bohannon was stopped by the Clayton County Police Department and cited with distracted driving by using a Handfree device in violation of O.C.G.A. § 40-6-241.

14.

During the worldwide pandemic, the Plaintiff received a citation from the Clayton County Police Department on May 20, 2020. The Plaintiff did not receive notice of a court date. Unbeknownst to the Plaintiff, the Clayton County State Court Clerk set a court date for January 10, 2022. The Plaintiff failed to appear because of the lack of notice. The State Court issued a bench warrant for the Plaintiff's failure to appear in Court on January 10, 2022.

15.

The same day the bench warrant was filed on January 12, 2022, Plaintiff was stopped by Cobb County law enforcement for a minor traffic violation. Cobb County Law enforcement informed the Plaintiff that he had a Clayton County State Court warrant for a minor traffic violation. The Plaintiff overheard the officer of Cobb County asking the Clayton County representative," Do you really want us to

hold him for this type of case." Cobb County held the Plaintiff in custody until he was transported to Clayton County jail on January 13, 2022.

16.

The Plaintiff was held in Clayton County jail from January 13, 2022, until January 20, 2022, seven days before the Plaintiff appeared before the state court judge for failure to appear for driving distracted with a hand-free device.

17.

Defendants violate their customs/policy and Georgia Law by holding Plaintiff in custody for such a minor traffic violation.

18.

The Defendants' practice custom/policy and Georgia Law is in contravention of the Georgia Code section 40-13-63 and clearly established law. Notably, on January 12, 2022, the Clerk of Clayton County State Court and the Clayton County Sheriff's Department acknowledged and ratified the unlawful custom/policy by holding Plaintiff in custody for a bench warrant failure to appear on a minor traffic violation that does not come to the level of punishment that he received for being in jail for eight days. The Clerk of Court

Clayton County and Clayton County Sheriff Department are policy/decision makers for Clayton County. The plaintiff was unlawfully held in Clayton County Jail from his stop in Cobb County until January 20, 2022, a total of (8) eight days.

19.

Plaintiff contends that failure to appear law in Georgia Range of Punishment is stated in O.C.G.A. § 40-13-63, which states "the willful failure of any person to appear in accordance with the written promise contained on the citation and complaint and served upon such person shall constitute an offense which shall be punishable by <u>fine</u> in an amount not to exceed <u>$200.00</u> or by confinement in jail for a period not to exceed <u>three</u> days."

20.

Plaintiff contends that he still needs to receive notice from the Clerk of Clayton County State Court of his Court date. The clerk had a duty to ensure the docket notice. The Plaintiff contends even if he had noticed, he should not have been held in jail for 8 days.

21.

8

The Plaintiff's underlying charge was Driving distracted with a handheld device. The Plaintiff contends that even if he had violated O.C.G.A. § 40-6-241(e), the penalty for this misdemeanor does not carry jail time. Plaintiff shows that O.C.G.A. Section 40-6-241 states that the punishment is as follows, "Any person appearing before a court for a first charge of violating paragraph (1) of subsection (c) of this Code section who produces in court a device or proof of purchase of such device that would allow such person to comply with such paragraph in the future shall not be guilty of such offense. The court shall require the person to affirm that they have not previously utilized the privilege under this paragraph."

22.

Plaintiff contends that the punishment he received by Defendants' actions far exceeded the intent of O.C.G.A. § 40-6-241 Distracted Driving and O.C.G.A. §  40-5-24 Failure to Appear.

23.

Plaintiff's punishment was excessive, cruel, and unnecessary punishment.

24.

In the alternative, the imprisonment of Plaintiff William T. Bohannon was due to their lack of skills or carelessness as Sheriff officers or clerk personnel operating

in their scope of duty in confronting the above facts and circumstances. Their actions fell below the response that a skilled or proficient Sheriff officer or clerk personnel would exercise in similar circumstances.

25.

The Plaintiff is also entitled to punitive damages against all of the individual Defendants personally to redress their willful, malicious, wanton, reckless, and fraudulent conduct towards William Bohanna.

26.

Plaintiff contends that the State Court Judge appeared to be surprised that he was held in jail for 8 days over a minor infraction of the law.

27.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF FOR FALSE ARREST, FALSE IMPRISONMENT AND MALICIOUS PROSECUTION

28.

The Defendants caused the manner of arrest and detention of the Plaintiff, in this case, and the length of the detention was wholly unreasonable under all the

circumstances, and Defendants are therefore liable to Plaintiff for damages for the torts of false arrest and false imprisonment.

29.

The actions of Defendants, through the persons of its agents and employees described above, constitute a wanton, voluntary, and intentional wrong, the natural result of which was to cause mental suffering and wounded feeling in the Plaintiff, and Defendants are therefore liable to the Plaintiff for damages for the intentional infliction of emotional distress, in that the actions of Defendants were so terrifying and insulting as naturally to humiliate, embarrass, and frighten the Plaintiff.

30.

The action of Defendants maliciously and without probable cause instituting a criminal prosecution against Plaintiff, which prosecution was subsequently terminated in favor of the Plaintiff after Plaintiff stayed in jail for eight (8) days, and incurred other costs and expenses in defending this criminal charge, renders Defendants liable to Plaintiff for damages for the tort of malicious prosecution.

31.

This is an action for damages to the Plaintiff for deprivation of rights secured to him by the Constitution and laws of the United States of America and of the State of Georgia.

32.

All of the actions committed herein by Defendants are through its agents and employees and are under color or process of law.

33.

At the date, time, and place of the false, malicious arrest and detention of the Plaintiff as described in this complaint, the Plaintiff was placed in for 8 days.

34.

Because of the actions of the Defendants, as described above, through the agency of its authorized personnel, Plaintiff has been subjected to the deprivation by Defendants, under color of law, and of the customs and usages of the State of Georgia, of rights, privileges, and immunities secured to him by the constitution and laws of the United States, and particularly his rights to security of person and freedom from arrest, except upon probable cause, support by oath or affirmation, guaranteed by the fourth amendment to said Constitution, high right to be informed of the true nature and cause of the accusation against him, guaranteed by the sixth

amendment to said Constitution , and his right not to be deprived of liberty without due process of law, guaranteed by the fifth and fourteenth amendments to said Constitution, his rights reserved or retained under the ninth and tenth amendments to said Constitution, and his right to equal protection of the laws guaranteed under the fourteenth amendment of said Constitution.

35.

As a direct and proximate consequence and result of the acts of Defendants hereinabove complained of, Plaintiff was deprived of liberty for a substantial period of time, suffered much anxiety, much discomfort, and embarrassment, his reputation was impaired, he lost much time from his home and family.

36.

The Plaintiff ultimately prevailed against the charge of Driving While Distracted Handheld Device.

37.

On January 20, 2022, the Court dismissed the Plaintiff's Driving While Distracted charge.

38.

SECOND CLAIM FOR RELIEF
42 U.S.C. § 1983 –Violation of the Eight and Fourth Amendments Against
Defendants

39.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance,
regulation, custom or usage of any state or territory or the
District of Columbia subjects or causes to be subjected any
citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges
or immunities secured by the constitution and law shall be
liable to the party injured in an action at law, suit in equity, or
other appropriate proceeding for redress…..

40.

All individual Defendants to this claim are persons for purposes of 42 U.S.C.

§ 1983.

41.

All individual Defendants, at all times relevant hereto, acted under the

color of state law in their individual capacities as officers for Clayton County,

and their acts or omissions were conducted within the scope of their official

duties or employment.

14

42.

At the time of the complaint of events, William T. Bohannon had a clearly established constitutional right under the Eight Amendment to be secure in his person from unlawful incarceration and cruel punishment.

43.

The Plaintiff states that the Eight Amendment states, in the relevant part of the Eighth Amendment to the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This amendment prohibits Clayton County from imposing unduly harsh penalties on criminal defendants, either as the price for obtaining pretrial release or as punishment for crime after conviction.

44.

As described herein, all individual Defendants' actions were willful, malicious, and deliberate, indifferent to William T. Bohannon's federally protected rights.

45.

All individual Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of William T. Bohannon's federally protected constitutional rights.

46.

All individual Defendants did so with shocking and willful indifference to William T. Bohannon's rights and with conscious awareness that it could cause William T. Bohannon harm.

47.

The acts or omissions of all individual Defendants were the moving forces behind William T. Bohannon's incarceration. As described herein, the acts or omissions of all individual Defendants intentionally deprived William T. Bohannon of his constitutional rights and caused him other damages. All individual Defendants are not entitled to qualified immunity for their actions.

48.

As a proximate result of all individual Defendants' unlawful conduct, William T. Bohannon's incarceration. As a further result of the individual

Defendants' unlawful conduct, has incurred special damages, loss of earnings, and other special damages-related expenses in amounts to be established at trial.

49.

On information and belief, William T. Bohannon suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in the trial. Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law.

50.

In addition to compensatory, economic, consequential, and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully, or with a reckless or wanton disregard of the constitutional rights of William Bohanna. All Defendants are jointly and severally liable for violating Bohannan's Eight Amendment Rights.

51.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages;

3. Cost of suit;

4. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

5. Trial by jury as to all issues so triable; and such other relief as this Honorable

Court may deem just and appropriate.

52.

It is undisputed that William Bohannan was detained and ordered to stay in custody for 8 days.

53.

As a proximate result of all individual Defendants' unlawful conduct, William T. Bohannon suffered the loss of his freedom and other injuries. As a further result of the individual Defendants' unlawful conduct, William T. Bohannon has incurred special damages, including loss of income and other special damages-related expenses, in amounts to be established at trial.

54.

WHEREFORE, Plaintiff prays for the following relief:

6. Judgment for compensatory damages;

7. Judgment for exemplary or punitive damages;

8. Cost of suit;

9. Reasonable attorney fees, pursuant to 42 U.S.C. § 1988;

10. Trial by jury as to all issues so triable; and such other relief as this Honorable Court may deem just and appropriate.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983 – (42 U.S.C. § 1983 Unconstitutional Custom/Policy)

55.

The unconstitutional actions and/or omissions of Defendants of Clayton County were pursuant to the following customs, policies, practices, and/or procedures of Clayton Couty Sheriff Department and Clerk of Clayton County State Court, which were directed, encouraged, allowed, and/or ratified by policymakers for Clayton County, Georgia.

a. To use or tolerate the use of excessive imprisonment;

b. To cover-up violations of constitutional rights by failing to properly investigate and/or evaluate officer involved use of detention and by ignoring and/or failing to properly and adequately investigate the detention of activity by their employees.

<u>FORTH CLAIM FOR RELIEF</u>
<u>TRAINING AND SUPERVISION</u>

56.

At all times pertinent to this Complaint, Defendants were acting within the course and scope of their employment or agency with one or all of the co-defendants, and as such, Defendants Clayton County Sheriff Department and Clayton County State Court Clerk office are responsible for Defendants' staff's negligent acts and/or omissions under the doctrine of *respondent superior* and/or Georgia agency law.

57.

Plaintiff further shows that the exercise of this Court's jurisdiction over the person of each Defendant is proper in that it did, through its agents and employees, commit a series of tortuous acts within this State against Plaintiff, resulting in the injuries to Plaintiff hereinafter described.

58.

Plaintiff is a citizen of the United States and a resident and domiciliary of the State of Georgia.

59.

Defendants are governmental entities that provide public service to the public for court services in criminal and civil matters. Defendants also administrated the jail and Clayton County State Court courthouse and services.

60.

Defendants, Clayton County Sheriff, and Clerk of State Court, failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline personnel with deliberate indifference to William Bohannon's constitutional rights, which were thereby violated as described above.

61.

The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct by Defendants, were a moving force and/or a proximate cause of the deprivations of Bohannon's clearly established and well-settled constitutional rights in violation of 42 U.S.C. §1983, as more fully set forth above.

WHEREFORE, as to this complaint, Plaintiff prays;

(a) That summons issue in terms of the law to the Defendants named herein;

(b) That Plaintiff be awarded damages from this Defendants;

(c) That Plaintiff have a trial by jury; and

(d) That Plaintiff have such other and further relief as to the court may

appear and equitable.

This 19th day of January 2024.

Respectfully submitted,


***/s/GRAYLIN C. WARD***
GRAYLIN C. WARD
Counsel for Plaintiff
Georgia Bar No. 736855

27 East Broad Street
Newnan, GA 30263
(770) 251-1289
gward@numail.com